United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Donald Alan Tobkin, Appellant, ) | |
| ) | |
| v. ) | Bankruptcy Appeal |
| ) | Case No. 19-22004-Civ-Scola |
| Jacqueline Calderin, as Trustee, ) | |
| Appellee. ) | |

### Order Affirming Bankruptcy Court Judgment

The United States Bankruptcy Court for the Southern District of Florida granted partial summary judgment in Trustee Jacqueline Calderin's favor, thus denying Debtor Donald Alan Tobkin's bankruptcy discharge. Appellant Tobkin, proceeding pro se, both below and here, now asks this Court to reverse that decision. (Appellant's Initial Brief, ECF No. 15.) Because Tobkin has failed to provide the Court with an adequate record and because he has not carried his burden of establishing that the bankruptcy court erred in granting partial summary in the Trustee's favor, the Court **affirms** the order below.

1. **Background**

This case springs from, initially, Tobkin's filing for bankruptcy, pro se, under chapter 13 of the United States Bankruptcy Code in September 2011. Several months later, upon the conversion of the case to a chapter 7 bankruptcy, Calderin was appointed trustee. Since its commencement, Tobkin's case has spawned at least sixteen appeals in this Court and at least five separate appeals in the Eleventh Circuit. The adversary case at issue here, initially filed on April 15, 2013, sought to deny Tobkin's discharge based on, among other provisions, 11 U.S.C. § 727(a)(6)(A), under which discharge can be denied if a debtor "has refused . . . to obey any lawful order of the court." The bankruptcy court, after a hearing, granted the Trustee's motion for partial summary judgment as to the Trustee's adversary complaint, thus denying Tobkin's discharge. The bankruptcy court's order on summary judgment does not itself contain any written findings of fact and instead refers to "the reasons stated on the record" as the basis for granting the relief sought. (Bankr. Ct. Order Granting Summ. J., ECF No. 8-3, 236.) Notably, Tobkin, as the appellant, did not provide the Court with a transcript of the hearing upon which the order is based nor does it appear one was ever even ordered.

### 2. Issues

As Tobkin describes it, the bankruptcy court's order was based on the Trustee's allegations that Tobkin failed to comply with that court's order to turn over funds belonging to the bankruptcy estate. (Appellant's Brief at 6.) Tobkin, as best this Court can discern, complains the bankruptcy court erred by (1) finding the Trustee had alleged sufficient facts showing that Tobkin "willfully and intentionally refused to obey [a] court order" while "simultaneously ha[ving] the ability to comply"; (2) concluding discharge should not be granted based on Tobkin's alleged general "bad character"; (3) failing to require the Trustee to prove that Tobkin's inability to comply was not the result of his "family poverty"; (4) failing to recognize that the "unrebutted [r]ecord [e]vidence was that [Tobkin] subsisted and solely supported his dependent and disabled daughter on [his] poverty level exempt social security income; and (5) disregarding Congress's intent to grant "fresh start" discharges despite "noncriminal [b]ankruptcy related misconduct by debtors." (Appellant's Brief at 6–7.)

In response, the Trustee submits she presented more than sufficient evidence showing that (1) Tobkin was aware of the bankruptcy court's order requiring him to turn over funds belonging to the estate; (2) Tobkin had access to funds but chose to transfer them to his daughter in college, as well as another family member, rather than turn them over to his bankruptcy estate; and (3) Tobkin knew that having some ability to meet his bankruptcy obligations, but choosing not to do so, would prove problematic. (Appellee's Resp., ECF No. 16, 17–18.)

### 3. Discussion

11 U.S.C. § 727(a)(6)(A) provides that a court shall grant a debtor a discharge unless "the debtor has refused . . . to obey any lawful order of the court." In denying discharge under this provision, a bankruptcy court must find "the debtor was 1) aware of the order; 2) refused to comply; and 3) the refusal to obey the order was the result of willful, intentional disobedience, and not merely inadvertence or mistake." *In re Vaughan*, 6:12-BK-02798-KSJ, 2014 WL 2507439, at *2 (Bankr. M.D. Fla. June 4, 2014) (quotation omitted).

The Trustee maintains the bankruptcy court was aware of (1) Tobkin's failure to substantiate his use of the funds at issue for personal expenses and (2) his refusal to make any attempt to satisfy his obligations. The Trustee also says she submitted evidence showing that Tobkin's story shifted: in response to questions from the bankruptcy court, during a show-cause hearing, Tobkin denied using the excess funds to help out his daughter in college; but then

later, during a deposition, he admitted that he did, in fact, provide his daughter with regular financial support. (Appellee's Resp. at 17.)

Tobkin, in both his initial and reply briefs insists he had no ability to comply with the turnover orders and therefore the bankruptcy court's denial of discharge was improper. In essence, Tobkin asks this Court to review the bankruptcy court's factual findings in this regard. Tobkin has not, however, afforded the Court any ability to actually do so because he has not supplied the Court with a transcript of the hearing which sets forth the reasons supporting the bankruptcy court's order. Indeed, where a bankruptcy court order does not set forth its reasoning but instead "references reasons argued and stated on the record," a reviewing court is unable to "meaningfully review [an appellant's] arguments or determine whether" a bankruptcy court erred. *In re Kunsman*, 752 Fed. App'x 938, 941 (11th Cir. 2018), *cert. denied sub nom. Kunsman v. Wall*, 139 S. Ct. 2619 (2019), *reh'g denied,* 140 S. Ct. 20 (2019); *see also Morrison v. Morrison*, 661 Fed. App'x 573, 575 (11th Cir. 2016) ("Without a transcript, [the appellant] could not argue on appeal to the district court that a finding or conclusion of the bankruptcy court was unsupported by the evidence or was contrary to the evidence.") (cleaned up with emphasis added). Based on what the Eleventh Circuit refers to as the "absence-equals-affirmance rule," then, the Court affirms the bankruptcy court's order and judgment in this case. *See In re Echeverry*, 720 Fed. App'x 598, 600 (11th Cir. 2018) (explaining that where an appellant fails to discharge his burden of ensuring that the record on appeal is complete, the Eleventh Circuit "ordinarily will affirm the judgment.")

### 4. Conclusion

Tobkin has not established reversible error. The Court therefore **affirms** the bankruptcy court's decision. The Clerk is directed to **close** this case and **deny** any pending motions **as moot**.

The Clerk is also directed to **mail** a copy of this order to the Appellant at the address listed below.

**Done and ordered**, at Miami, Florida, on December 10, 2019.

_____
Robert N. Scola, Jr.
United States District Judge

Copy via U.S. mail to:
**Donald Alan Tobkin**
P.O. Box 260711
Pembroke Pines, FL 33026